UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            07-CR-6024L

                    v.

ISAAC JUSTINIANO,

                              Defendant.

_____


        Defendant, Isaac Justiniano, was charged in this case with certain drug and firearms offenses.

On February 5, 2009, he pleaded guilty to all three counts of the indictment.

        On February 24, 2009, having granted defendant's request for an expedited sentencing, the

Court sentenced him to an aggregate term of imprisonment of 101 months, "to be served

concurrently to the New York State sentence the defendant is now serving."  Dkt. #88 at 2.

Defendant appealed (on the sole ground that this Court had erred in failing to suppress certain

evidence), and on November 16, 2010, the Court of Appeals for the Second Circuit affirmed the

judgment of this Court.  Dkt. #94.

        Defendant has now filed a "motion for [an] order adjusting or clarifying [his] sentence" (Dkt.

#96).  He filed a similar motion seeking the same relief on May 1, 2015 (Dkt. #99).  The gist of the

motions is that the Bureau of Prisons ("BOP") has not credited him for the time he has served in state

custody, contrary to this Court's directive that his federal sentence be served concurrently with his

state sentence.

        Defendant previously raised the same issues by way of a habeas corpus petition in the United

States District Court for the Western District of Pennsylvania, which is where he is being held in

federal custody. *See Justiniano v. Meeks*, 13-CV-00343 (W.D.Pa.). On April 28, 2014, Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation recommending that the petition be denied. *Id.* (Dkt. #9). After an extensive discussion of the relevant statutory framework and BOP policies, she concluded that the BOP "commenced [Justiniano's] sentence on the earliest date that it could commence," and that there was no basis for the relief he sought. *Id.* at 10. District Judge Nora Barry Fischer subsequently adopted that Report and Recommendation, and denied defendant's objections. *Id.* (Dkt. #11, #14). Defendant did not appeal from that judgment.

In effect, then, defendant, having failed to obtain relief in the Western District of Pennsylvania, simply seeks another bite at the apple. Not only have his claims already been addressed by the Pennsylvania court, but such claims do not belong in this Court in any event.

In *United States v. Morgan*, 305 Fed.Appx. 61 (4th Cir. 2008), the defendant, like Justiniano, brought a motion for clarification of sentence in the district in which he had been sentenced, alleging that the BOP had improperly failed to credit him with a portion of the time he had served on his state sentence while he was awaiting sentencing on federal charges. The district court denied the motion for failure to exhaust administrative remedies.

On appeal, the Fourth Circuit stated that the district court should have treated the defendant's motion as a habeas corpus petition under 28 U.S.C. § 2241, and that as such, the petition should have been brought in the Eastern District of North Carolina, where the defendant was incarcerated. The Court of Appeals held that the sentencing court (in the Western District of Virginia) lacked jurisdiction over the proceeding. The Fourth Circuit therefore remanded with directions to the district court to consider whether transfer to the Eastern District of North Carolina would serve the interests of justice. *See also United States v. Vittini-Morey*, No. 99 CR 893, 2007 WL 510095, at *3 (S.D.N.Y. Feb. 15, 2007) (construing motion for clarification of sentence as a § 2241 petition, and denying petition, in part on ground that it had not been brought in the district in which defendant was confined).

The only material fact distinguishing this action from *Morgan* is that Justiniano has already sought habeas relief in the district in which he is incarcerated. That attempt was unsuccessful, for reasons that were well laid out by the Pennsylvania court. There is, then, no basis for transferring this action to that district, or for dismissing the action without prejudice to defendant's refiling in that district. In short, defendant is not entitled to the relief that he seeks, in this or any other district.[1]

**CONCLUSION**

Defendant's motions for an order adjusting or clarifying his sentence (Dkt. #96, #99) are denied. His motion for a status report (Dkt. #97) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 7, 2015.

---

[1]I also note that on January 14, 2015, defendant filed "Additional Argument" in support of his motion (Dkt. #98), based on certain amendments to the Sentencing Guidelines that went into effect in 2014. I have considered the arguments raised in that submission, but conclude that they have no material effect on my decision here.